IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,687-01






EX PARTE GARY ARTHUR AYERS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


FROM TARRANT COUNTY

IN CAUSE NO. 0769443D

IN CRIMINAL DISTRICT COURT ONE



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offense of possession of a controlled substance and was sentenced to confinement for
five years. No direct appeal was taken. 

 Applicant contends that his due process rights were violated in a parole revocation
hearing. Specifically, he contends that he received no written statement as to the evidence
used to revoke his parole.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order affidavits,
depositions, or interrogatories from TDCJ-PD, or it may order a hearing. In the appropriate
case the trial court may also rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether Applicant's parole has been revoked and, if so, on what grounds. If the
trial court determines that Applicant's parole was revoked, it should make findings of fact
as to what evidence was presented to support such revocation and whether Applicant
received adequate notice of the reason(s) for such revocation. The trial court should also
make any further findings of fact and conclusions of law it deems relevant and appropriate
to the disposition of the application for writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 1ST DAY OF FEBRUARY, 2006.





DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.